James A. TUCKER et al., Appellants,

v.

TOBACCO WORKERS INTERNATIONAL UNION, AFL–CIO, LOCAL 183,

and

Tobacco Workers International Union, AFL–CIO, CLC, Appellees.

No. 73–1722.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1973.

Decided Nov. 30, 1973.

Adam Stein, Charlotte, N. C. (Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Conrad O. Pearson, Durham, N. C., William L. Robinson, Jack Greenberg, New York City, J. LeVonne Chambers, Charlotte, N. C., on brief), for appellants.

Robert C. Stephens, Charlotte, N. C. (Robert G. Sanders, Sanders, Walker & London, Charlotte, N. C., and James F. Carroll, Washington, D. C., on brief), for appellees.

Carol Lynn Green, Atty. (William A. Carey, Gen. Counsel, Julia P. Cooper, Associate Gen. Counsel, Beatrice Rosenberg and Joseph T. Eddins, Jr., Attys.), Washington, D. C., for amicus curiae E. E. O. C.

Before CRAVEN, RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

In 1964 Local 183 and Local 204 of the Tobacco Workers International Union merged. Prior to merger Local 183 had been an all-white local and Local 204 was its all-black counterpart.[1] Following negotiations between the two locals it was agreed that the Shop Committee, which was responsible for handling all grievances arising under the collective bargaining agreement and negotiating new collective bargaining agreements with the Company, consist of eleven members, three of whom would be elected from three "areas" or groups of workers which were predominantly black and which, before merger, constituted the jobs and departments represented by the all-black local. The other eight members were to come from the traditionally white job groups. Among the three predominantly black areas was Area 3, which at the time of merger consisted of more than 50 persons, only one of whom was white, and which, at the time of the election in question (December 1971) still had more than 50 workers, of whom all but three were black.

Following the merger, James A. Tucker, who had been president of the black local, was nominated and elected as the representative on the Shop Committee from Area 3.[2] Tucker served in that position until 1971 when he was defeated by a white person named Elbert Vaughn. Prior to that election, objections to Vaughn's eligibility were raised

1. Local 183, prior to merger, represented some 900 workers in traditionally "white" jobs and departments at American Tobacco Company in Durham, N. C. Local 204 was much smaller, representing the 200–300 workers in jobs and departments at American which were, theretofore, customarily all-black. The merger was necessary in order to allow American to continue as a government contractor under the terms of Executive Order 10925, prohibiting a government contractor from engaging in collective bargaining with racially identifiable local unions.

2. To be nominated, a candidate was required to work within the area which he was to represent if elected; however, election was by vote of the entire membership of the local.

on the basis that he was not an Area 3 employee; however, upon investigation by the international's vice-president, the objections were dismissed.

Plaintiffs urged upon the district court and insist on appeal that Vaughn was allowed to be nominated and elected by the local and the international in violation of the 1964 merger agreement and the local by-laws because he was not in fact eligible under the agreement for the reason that he did not work in any of the Area 3 jobs. Plaintiffs further allege that these actions resulted in discrimination against the plaintiffs and the class of blacks which they represent on the basis of race and color. Defendants insisted in the district court and contend here that Vaughn was a member of Area 3 and was, therefore, eligible for nomination and election under the merger agreement. Significantly, we think, all parties agree that neither the merger agreement nor the local by-laws nor any other understanding requires that Area 3 be represented by a black person.[3] It is further agreed that any one of the three white persons constituting members of Area 3 might have been lawfully nominated and elected. The dispute, therefore, is not whether Vaughn was black or white but rather whether he worked in a job that made him a member of the Area 3 group of employees. It is also significant, we think, that subsequent to the December, 1971 election the plaintiff, James A. Tucker, was again nominated from Area 3, was elected, and is now the representative of Area 3 on the Shop Committee.

The question briefed on appeal is whether the district court erred in dismissing this action on the ground that it was a dispute "over internal union elections" for which an *exclusive* remedy is provided under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481–483. Plaintiffs urge that the Congress has granted them dual remedies. While they agree with the defendants that, after exhausting remedies under the constitution and by-laws of the union, they might have proceeded under 29 U.S.C. § 482 by complaint to the Secretary of Labor who could then have, in his discretion, brought suit on their behalf, plaintiffs insist that where facts are alleged that constitute a prima facie case of racially discriminatory union election practices, then the "exclusive" remedy of Title IV does not apply and instead plaintiffs may proceed under Title VII of the Civil Rights Act of 1964 and Section I of the Civil Rights Act of 1866.

We are inclined to think that there may well be cases of racial discrimination in the conduct of internal union affairs that come within the ambit of Title VII of the Civil Rights Act of 1964[4] and perhaps Section I of the Civil Rights Act of 1866, and that not every case involving the validity of a union election must be prosecuted pursuant to the provisions of 29 U.S.C. §§ 482 and 483. But we think this is not such a case. Plaintiffs allege only that they are entitled to have someone—black or white—to represent the interests of Area 3 and that to assure such representation the merger agreement provides that he must, in fact, be an Area 3 employee. We agree that the district judge properly characterized this allegation as a dispute "over internal union elections" for which 29 U.S.C. § 482 provides the

---

3. Indeed, it would appear that they could make no such allegation in light of 29 U.S.C. § 481(e) which provides: "In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and *every member in good standing shall be eligible to be a candidate and to hold office. . . .*" (emphasis added). This was the district court's holding in Shultz v. Local 1291, Int'l Longshoremen,

338 F.Supp. 1204 (E.D.Pa.), aff'd 461 F.2d 1262 (3rd Cir. 1972).

4. *See* § 703(c), 42 U.S.C. § 2000e–2(c) which provides: "It shall be an unlawful employment practice for a labor organization —(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race. . . ." *See also* Shultz v. Local 1291, Int'l Longshoremen, 338 F.Supp. 1204 (E. D.Pa.), aff'd 461 F.2d 1262 (3rd Cir. 1972).

appropriate remedy. The particular facts of this case are not sufficient to invoke an additional remedy under § 703(c) of Title VII.

Affirmed.